J-S74021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CYPRIAN DIAZ | : | |
| | : | |
| Appellant | : | No. 978 EDA 2019 |

Appeal from the PCRA Order Entered March 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0704571-2003

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **Filed: February 7, 2020**

Cyprian Diaz (Appellant) appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A prior panel of this Court summarized the facts and procedural history of this case:

> After a bench trial, Appellant was found guilty of first degree homicide and related offenses. The Commonwealth established that Appellant, while an adult, shot and killed his former wife and her husband. Appellant unsuccessfully pursued relief on direct appeal. ***Commonwealth v. Diaz***, 927 A.2d 649 (Pa. Super. 2007) (unpublished memorandum). Appellant was granted leave to file a Petition for Allowance of Appeal *Nunc Pro Tunc*, which was ultimately denied by our Supreme Court on February 12, 2010. ***Commonwealth v. Diaz***, 989 A.2d 914 (Pa. 2010). Appellant

---

[*] Former Justice specially assigned to the Superior Court.

also pursued PCRA relief, which was denied by the PCRA court and affirmed on appeal by this Court. ***Commonwealth v. Diaz***, 96 A.3d 1079 (Pa. Super. 2014). He filed for discretionary review with our Supreme Court, which was denied on May 15, 2014. ***Commonwealth v. Diaz***, 63 EAL 2014 (Pa. 2014) (unpublished in Atlantic Reporter).

On December 11, 2015, Appellant filed [a] petition, styled as a request for *habeas corpus* relief. On February 8, 2016, the trial court determined that the petition must be treated as a request for relief under the PCRA, and, since Appellant failed to plead and prove an exception to the one-year time bar, issued a notice of intent to dismiss informing him of those procedural defects. . . . The [PCRA] court thereafter denied the petition on March 11, 2016[, and Appellant appealed].

***Commonwealth v. Diaz***, 1132 EDA 2016, *1-2 (Pa. Super. Feb. 22, 2017) (unpublished memorandum).

On February 22, 2017, this Court affirmed the PCRA court's order dismissing Appellant's second PCRA petition. ***Id.*** On June 6, 2018, Appellant filed the underlying *pro se* petition for *habeas corpus* relief.[1] Appellant subsequently filed two amended PCRA petitions on July 26, 2018 and August 22, 2018, respectively. On January 18, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant filed a response to the court's notice, and on March 8, 2019, the PCRA court dismissed Appellant's petition. Appellant appealed.

Appellant raises two issues for review:

---

[1] The PCRA court properly treated this request for relief as a PCRA petition. It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. ***See Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013).

[1.] Whether Appellant is entitled to Post Conviction relief in the form of reinstatement of his right to Allowance of Appeal in the Pennsylvania Supreme Court from the May 14, 2007, decision of the Superior Court as a result of After-Discovered evidence concerning the competency of direct appeal counsel James Bruno, appointed December 18, 2007, during the period he suffered from Attention Deficit-Hyperactivity Disorder ("ADHD") according to a November 13, 2014, Report and Recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania provided to Appellant by a fellow prisoner on or about June 20, 2018, in the prison law library?

[2.] Whether the trial court abused its discretion in dismissing Appellant's State Habeas Corpus Petition alleging Penal Statute 18 Pa.C.S. Section 1102(a) is unconstitutional and void under the Vagueness Doctrine because the statute fails to give a person of ordinary intelligence fair notice that its true penalty is life imprisonment "without parole"?

Appellant's Brief at 3.

Preliminarily, in reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. **See Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. **Id.** "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions." **See Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

Further, Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d

1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[2] If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply

---

[2] Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. Previously, a petitioner had 60 days from when the claim could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Section 3 of Act 2018 provides that the amendment to subsection (b)(2) "shall apply only to claims arising one year before the effective date . . . or thereafter." **Id.** This change does not impact our analysis.

do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Monaco*, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)).

Here, the trial court entered Appellant's judgment of sentence on December 7, 2005. Appellant appealed to this Court and the Pennsylvania Supreme Court, but did not seek review with the United States Supreme Court. Therefore, Appellant's judgment of sentence became final 90 days from the February 12, 2010 order denying his petition for allowance of appeal with the Pennsylvania Supreme Court, or May 13, 2010. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.

Under Section 9545(b)(1), Appellant had to file his PCRA petition within one year of his judgment of sentence becoming final – or May 13, 2011. Appellant did not file the instant petition, his third, until June 6, 2018. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). *See Derrickson*, 923 A.2d at 468.

Appellant argues that he satisfied the newly-discovered fact exception under Section 9545(b)(1)(ii), and therefore, the PCRA court has jurisdiction

over the merits of his petition.[3]  In order to qualify for this exception, a petitioner must establish that (1) he did not know the facts upon which he based his petition, and (2) he could not have learned those facts earlier with the exercise of due diligence.  **See** 42 Pa.C.S.A. § 9545(b)(1)(ii).  Both components "must be alleged and proven as an initial jurisdictional threshold." **Commonwealth v. Diggs**, 220 A.3d 1112, 1117 (Pa. Super. 2019) (citation omitted).

Appellant argues that he meets the newly-discovered fact exception to the PCRA time bar because his court-appointed attorney on direct appeal "suffered from Attention Deficit-Hyperactivity Disorder [] according to a November 13, 2014[] Report and Recommendation of the Disciplinary Board

---

[3] Throughout his brief, Appellant uses the term "after-discovered facts," instead of "newly discovered facts" in pleading an exception to the PCRA time-bar.  There is an important and often misapprehended distinction between the newly discovered facts exception to the time limitations of the PCRA and after-discovered evidence as a basis for substantive relief.  The Supreme Court of Pennsylvania offered the following clarification:

> To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence.  However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017).

of the Supreme Court of Pennsylvania provided to Appellant by a fellow prisoner on or about June 20, 2018[] in the prison law library[.]" Appellant's Brief at 3. Appellant's July 26, 2018 amended petition further explains:

> On December 18, 2007, the [PCRA] court appointed Attorney [James] Bruno to represent [Appellant] in his PCRA matter.

> \* \* \*

> [Attorney] Bruno had significant personal issues and legal difficulties that greatly hindered him from adequately advising and representing [Appellant]. Despite all of these personal and professional problems, [Attorney] Bruno did not attempt to withdraw his representation and continued to represent [Appellant].

> \* \* \*

> The allegations that [Appellant] has made in this Amended petition go to the heart of Attorney Bruno's representation of [Appellant]. Where an attorney is rendered incompetent by personal or disciplinary problems, [Appellant] is not represented by ineffective counsel, but is essentially represented by no counsel at all.

> \* \* \*

> If the abandonment of counsel of his client warrants relieving a defendant of the requirement of proving prejudice to sustain a claim of ineffectiveness assistance of counsel, such a claim, as the one made in the instant matter, must trump the time requirements for filing a claim of the after-discovered facts exception under 42 Pa.C.S.A. § 9545(b)(1)(ii).

Appellant's Amended PCRA Petition, 7/26/18, at 4-6, 8. **_See also_** Appellant's Brief at 8 ("Appellant submits that he is entitled to post-conviction relief based upon after-discovered evidence since his right to competent counsel was

- 7 -

compromised by Attorney Bruno's competency during direct appeal in the Pennsylvania Supreme Court.").

Here, the PCRA court concluded that Appellant failed to satisfy any of the statutory exceptions to the PCRA time-bar. In particular, the PCRA court determined that the newly discovered fact exception did not apply because the "new facts" Appellant alleged in his petition involved claims of his counsel's ineffectiveness, which are not recognized as facts under the PCRA statute. PCRA Court's Opinion, 7/15/19, at 5 (citing **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005).

We agree. Appellant's attempt to interweave a claim of ineffective assistance of counsel with the newly discovered facts exception as a means of establishing jurisdiction is unavailing. **See id.** ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timelines requirements of the PCRA."); **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) ("This Court has stated previously that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.") (citations omitted).

In sum, a claim that prior counsel was ineffective is not the type of newly discovered fact encompassed by the exception. Because Appellant's petition is untimely and not subject to a statutory exception to the PCRA's time bar, the PCRA court lacked jurisdiction. We therefore affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/7/20